UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:04CR479 ERW |
|  | ) |  |
| JUSTIN J. KUCHTA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b). Presently pending before the undersigned is a motion for disclosure pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; a motion for disclosure of expert testimony, and a motion to suppress tape recorded telephone conversations. The Government filed a response to the Defendant's motions, and the undersigned held a hearing on the motions on March 31, 2011.

**# 146– Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence**

The Defendant in this motion requests that he be given notice of any evidence which the Government intends to present at trial of other crimes, wrongs, or acts which would be allegedly admissible at trial pursuant to Rule 404(b), Federal Rules of Criminal Procedure. Pursuant to that rule, this evidence is admissible, if at all, for specific purposes stated in the rule. Also stated in the rule is that "Upon request by the accused, the prosecution in a criminal case shall provide reasonable

notice in advance of trial, or during trial if the court excuses the pretrial notice on good cause, of the general nature of any such evidence it intends to introduce at trial." Rule 404(b), Fed. R. Crim. P.

The Government's written response to Defendant's motion states that the investigative report concerning the Defendant's involvement in the manufacture of a controlled substance as well as a copy of a report of Defendant's arrest during a narcotics investigation in California were previously provided to the Defendant. The Government's response further states that it does not intend to introduce evidence of any convictions of the Defendant pursuant to Rule 609 which are older than ten years. In addition, at the hearing in this matter, the Defendant acknowledged that he was satisfied with the Government's response to the motion.

Therefore, based on the above, the undersigned will grant Defendant's motion.

#### #147--Request for Disclosure of Expert Testimony

The Defendant requests in his motion a written summary of any testimony that it intends to use under Rules 702, 703, or 750 of the Federal Rules of Evidence during its case in chief, and the witnesses' opinions, the bases and reasons for the opinions, and the witnesses' qualifications. The Government again responded that it will provide a written summary of the testimony of any witnesses whose testimony will be offered pursuant to Rule 702 and 703, Federal Rules of Evidence, in sufficient time to allow the Defendant to prepare for the trial of this matter.

At the hearing in this matter, the Defendant acknowledged that he was satisfied that the Government had answered this request. Therefore, the undersigned will grant Defendant's motion.

#### #148---Motion to Suppress Tape Recorded Telephone Conversations

Based upon the evidence adduced at the hearing on the motion to suppress, the undersigned makes the following findings of fact and conclusions of law:

**Findings of Fact**

William Ard is a special agent of the Drug Enforcement Administration ("DEA"), and presently assigned to the New Orleans field division. In 2003, Agent Ard was assigned to the St. Louis office of the DEA, and was assigned to investigate various drug cases, including crimes involving distribution of ecstacy. In late January or early February, 2003, Agent Ard was participating in an investigation of a person named Stacey Cooley who had been distributing ecstasy. The investigation led to the arrest of a number of people, including a Chyle McMahon.

Subsequently, in early February, 2003, Mr. McMahon, represented by counsel, began cooperating with the agents in the investigation. The agents set up a meeting with McMahon and his counsel on February 19, 2003. The purpose of the meeting was to place a telephone call to a telephone number in California, and to contact a person who McMahon indicated was his source of supply, the Defendant Justin Kuchta. With the consent of McMahon, the call was placed to telephone number 510-219-5036 either by McMahon or Agent Ard, and the entire phone call was recorded. Again, on February 21, 2003, Chyle McMahon met with Ard and placed another telephone call to the Defendant Kuchta at the same number in California. As in the previous call, this call was also recorded with the knowledge and consent of McMahon.

**Conclusions of Law**

Based on the above findings, the undersigned concludes that the conversations between Chyle McMahon and the Defendant Kuchta were lawfully recorded and monitored by Agent Ard. The evidence at the hearing revealed that Chyle McMahon recorded two telephone conversations that he

3

placed to Justin Kuchta, and that these calls were made with the full knowledge and consent of McMahon. The first telephone call was placed on February 19, 2003, to telephone number 510-219-5036 at a meeting in which Chyle McMahon, McMahon's attorney, and Agent Ard were present. Further, the second call was placed on February 21, 2003, and again the evidence shows that this call was placed to Justin Kuchta at the 510-219-5036 telephone number with the consent of Chyle McMahon. Both of the telephone calls were later transcribed and included as exhibits in the agent's investigative reports.

Under these circumstances, it is well-established that a law enforcement officer or informant may record conversations between himself or herself and another person without violating the Fourth Amendment or any other law. See United States v. Sileven, 985 F.2d 962 (1983); United States v. White, 401 U.S. 745, 752 (1971). Further, the Eighth Circuit has stated that a defendant's Fourth Amendment rights are not violated when a defendant's conversation with a government informant is recorded with the consent of the informant. United States v. Tangeman, 30 F.3d 950, 952 (8th Cir. 1994); 18 U.S.C. § 2511 (2)(c). The consent, however, must be voluntary, and in determining the voluntariness the court must consider the totality of the circumstances surrounding the consent. See United States v. Kirk, 534 F.2d 1262, 1272 (8th Cir. 1976). Further, the Eighth Circuit has stated that as long as an informant goes ahead with a monitored phone call or conversation knowing that law enforcement officials are recording the conversation, then consent is established. See United States v. McMillan, 508 F.2d 101, 104, n.2 (8th Cir. 1974).

Based on the above, the undersigned concludes that the monitoring of the conversations between Chyle McMahon and the Defendant Justin Kuchta was done with McMahon's knowing and

voluntary consent to the recordings. Therefore, the monitoring of the telephone calls described above was lawful, and any evidence obtained from those telephone calls should not be suppressed.

## Conclusion

Therefore, the motion to suppress the tape recorded conversations should be denied.

\* \* \*

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that the Motion for Disclosure Pursuant to Rule 404(b) and 609 of the Federal Rules of Evidence [Doc. #146], and the Request for Disclosure of Expert Testimony [Doc. #147] be **granted**.

Further,

**IT IS HEREBY RECOMMENDED** that the Motion to Suppress Tape Recorded Telephone Conversations Between Defendant and Confidential Source [Doc. #148] be **denied**.

Further, the parties are advised that they until May 6, 2011, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                      /s/ Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE

Dated this  28th  day of April, 2011.